**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

—————————————————————————
                                                    )
AHMAD MUAFFAQ ZAIDAN, et al.,                       )
                                                    )
        Plaintiffs,                                 )
                                                    )
v.                                                  )        Civil Action No. 17-00581 (RMC)
                                                    )
GINA HASPEL,                                        )
Director of the Central Intelligence Agency, et al., )
                                                    )
        Defendants.                                 )
—————————————————————————)

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants hereby answer the surviving parts of the Complaint ("Complaint," Dkt. No.

1) filed by Plaintiff Bilal Abdul Kareem, the only remaining plaintiff.  This Court's

Memorandum Opinion, dated June 13, 2018 (Dkt. No. 13), dismissed all claims presented by

former Plaintiff Ahmad Muaffaq Zaidan and all claims against President Donald J. Trump, as

well as Counts 1–3 put forth by Plaintiff Bilal Abdul Kareem ("Plaintiff Kareem").  Accordingly,

Defendants answer the Complaint to the extent it relates to the surviving aspects of the lawsuit

and the allegations concerning Plaintiff Kareem only[1] in the following numbered paragraphs,

which correspond to the Complaint's numbered paragraphs:

**INTRODUCTION**

1.      The first sentence contains Plaintiff Kareem's characterization of the Complaint,

to which no response is required, but insofar as a response is deemed required, Defendants can

neither confirm nor deny the allegations of this sentence, which purport to concern the alleged

_____

[1]  Accordingly, any reference to Plaintiff Zaidan in the allegations of the Complaint will not be
addressed in the responses below.

use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the second sentence. Defendants can neither confirm nor deny the allegations of the third sentence, which purport to concern the alleged methods used by the United States to identify terrorists, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law. Defendants can neither confirm nor deny the allegations of the fourth sentence, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem and others, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law. The fifth sentence consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required, but to the extent a response is deemed required, Defendants can neither confirm nor deny the allegations of this sentence, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

2.      This paragraph contains a summary of Plaintiff Kareem's requested relief, to which no response is required, but to the extent a response is deemed required, Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law, and further aver that Plaintiff Kareem cannot establish his entitlement to any relief in this action.

**PARTIES**

3.      No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

4.      Defendants admit that Plaintiff Kareem is a United States citizen.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences.  The fifth and sixth sentences contain legal arguments and conclusions, to which no response is required.

5.      No response is required to the allegations in this paragraph because the Court dismissed all claims brought against President Donald J. Trump.

6.      With regard to the first sentence, Defendants admit that the Central Intelligence Agency is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  Defendants can neither confirm nor deny the remaining allegations of this paragraph, which purport to concern the alleged use of lethal force by Defendant Central Intelligence Agency overseas against Plaintiff Kareem and others, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

7.      Defendants deny the allegations in the first sentence.  The Director of the Central Intelligence Agency is Gina Haspel.  Defendants can neither confirm nor deny the remaining allegations of this paragraph, which purport to concern the alleged use of lethal force by Defendant Central Intelligence Agency overseas against Plaintiff Kareem and others, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

8.      With regard to the first sentence, Defendants admit that the Department of Defense is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

Defendants can neither confirm nor deny the remaining allegations in the first sentence and second sentence, which purport to concern the alleged use of lethal force by Defendant Department of Defense overseas against Plaintiff Kareem and others, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.  Defendants can neither confirm nor deny the last sentence of this paragraph, which purport to concern the alleged role of the National Security Council with respect to the use of lethal force by the United States overseas without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

9.      Defendants admit that General James N. Mattis is the Secretary of Defense. Defendants can neither confirm nor deny the remaining allegations of this paragraph, which purport to concern the alleged use of lethal force by Defendant Department of Defense overseas against Plaintiff Kareem and others, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

10.      With regard to the first sentence, Defendants admit that the Department of Homeland Security is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). Defendants can neither confirm nor deny the remaining allegations of this paragraph, which purport to concern the alleged role of the Department of Homeland Security as a member of the National Security Council with respect to the use of lethal force by the United States overseas against Plaintiff Kareem and others without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

11.      Defendants deny the allegations in this paragraph.  The Secretary of the Department of Homeland Security is Kirstjen M. Nielsen.  Defendants can neither confirm nor deny the remaining allegations of this paragraph, which purport to concern the alleged role of the

Department of Homeland Security with respect to the use of lethal force by the United States overseas against Plaintiff Kareem and others without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

12.     With regard to the first sentence, Defendants admit that the Department of Justice is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). Defendants can neither confirm nor deny the remaining allegations of this paragraph, which purport to concern the alleged role of the Department of Justice as a member of the National Security Council with respect to the use of lethal force by the United States overseas against Plaintiff Kareem and others without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

13.     Defendants admit that Jeffrey B. Sessions is the Attorney General of the United States. Defendants can neither confirm nor deny the remaining allegations of this paragraph, which purport to concern the alleged role of the Department of Justice with respect to the use of lethal force by the United States overseas against Plaintiff Kareem and others without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

14.     Defendants admit that Daniel R. Coats is the Director of National Intelligence (DNI). Defendants can neither confirm nor deny the remaining allegations of this paragraph, which purport to concern the alleged role of the DNI with respect to the use of lethal force by the United States overseas against Plaintiff Kareem and others without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

15.     Defendants deny the allegations in this paragraph. The Assistant to the President for National Security Affairs (APNSA) (aka National Security Advisor) is John R. Bolton.

Defendants can neither confirm nor deny the remaining allegations of this paragraph, which purport to concern the alleged role of the APNSA with respect to the use of lethal force by the United States overseas against Plaintiff Kareem and others without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

16.     Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by Defendants overseas against Plaintiff Kareem and others, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

17.     This paragraph contains legal conclusions, to which no response is required.

### JURISDICTION AND VENUE

18.     This paragraph contains legal conclusions, to which no response is required, but insofar as a response is deemed required, Defendants deny that the Court has subject matter jurisdiction on the ground that Plaintiff Kareem has not adequately pled or demonstrated that he has Article III standing to bring his lawsuit.

19.     This paragraph contains legal conclusions, to which no response is required.

### STATEMENT OF FACTS

20.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

21.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

22.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

23.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

24.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

25.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

26.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

27.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

28.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

29.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

30.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

31.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

32.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

33.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

34.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

35.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

36.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

37.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

38.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

39.     No response is required because the Court dismissed all claims raised by former Plaintiff Ahmad Muaffaq Zaidan.

40.     Defendants admit the first sentence that Plaintiff Kareem is a citizen of the United States.  With respect to the second sentence, Defendants either lack knowledge or sufficient information to form a belief as to the truth of the allegations concerning plans and actions taken by Plaintiff Kareem or otherwise can neither confirm nor deny whether they possess information concerning whether or not Plaintiff Kareem has been or is associated with terrorism.

41.     With respect to the allegations in this paragraph, Defendants either lack knowledge or sufficient information to form a belief as to the truth of the allegations concerning plans and actions taken by Plaintiff Kareem or otherwise can neither confirm nor deny whether they possess information concerning whether or not Plaintiff Kareem has been or is associated with terrorism.

8

42.     With respect to the allegations in this paragraph, Defendants either lack knowledge or sufficient information to form a belief as to the truth of the allegations concerning Plaintiff Kareem's "association" with Al-Qaeda or the Taliban, or otherwise can neither confirm nor deny whether they possess information concerning whether or not Plaintiff Kareem has been or is associated with Al-Qaeda or the Taliban.

43.     With respect to the allegations in this paragraph, Defendants either lack knowledge or sufficient information to form a belief as to the truth of the allegations concerning whether Plaintiff Kareem poses a threat to the United States, or otherwise can neither confirm nor deny whether they possess information concerning whether or not Plaintiff Kareem poses a threat to the United States.

44.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

45.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

46.     Defendants either lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph, or otherwise can neither confirm nor deny whether they possess information concerning whether or not the allegations are true or false without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

47.     Defendants either lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph, or otherwise can neither confirm nor deny whether they possess information concerning whether or not the allegations are true or false without

revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

48.     Defendants either lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph, or otherwise can neither confirm nor deny whether they possess information concerning whether or not the allegations are true or false without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

49.     Defendants either lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph, or otherwise can neither confirm nor deny whether they possess information concerning whether or not the allegations are true or false without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

50.     Defendants either lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph, or otherwise can neither confirm nor deny whether they possess information concerning whether or not the allegations are true or false without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

51.     Defendants either lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph, or otherwise can neither confirm nor deny whether they possess information concerning whether or not the allegations are true or false without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

52.     Defendants can neither confirm nor deny the allegations in this paragraph, which purport to concern the alleged use of lethal force by Defendants overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

53.     This paragraph consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required, but insofar as a response is deemed required, Defendants either lack knowledge or sufficient information to form a belief as to the truth of these allegations, or otherwise can neither confirm nor deny whether they possess information concerning whether or not the allegations are true or false without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

54.     This paragraph consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required, but insofar as a response is deemed required, Defendants either lack knowledge or sufficient information to form a belief as to the truth of the allegations, or otherwise can neither confirm nor deny whether they possess information concerning whether or not the allegations are true or false without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

55.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph, which does not refer to the source of the statements allegedly "admitted" by the United States with respect to unidentified "targets."

56.     This paragraph purports to characterize statements made by John Brennan, the former Director of the Central Intelligence Agency, during a speech at the Woodrow Wilson International Center on April 30, 2012, to which no response is required.  To the extent a

response is deemed required, Defendants respectfully refer the Court to the referenced speech for a full and accurate statement of its contents.

57.     This paragraph purports to characterize and quote statements made by then-President Barack H. Obama during a speech at the National Defense University on May 23, 2013, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced speech for a full and accurate statement of its contents.

58.     Defendants admit that portions of the document titled "Procedures for Approving Direct Action against Terrorist Target Located Outside the United States and Areas of Active Hostilities"—the so-called "Presidential Policy Guidance"—were declassified and made publicly available on August 6, 2016.

59.     The first sentence purports to characterize the publicly available version of the 2013 "Presidential Policy Guidance," to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the publicly available version of the 2013 "Presidential Policy Guidance" for a full and accurate statement of its declassified contents.  Defendants can neither confirm nor deny the allegations in the second sentence, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem and others, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

60.     Defendants can neither confirm nor deny the allegations in this paragraph, which purport to concern the alleged use of lethal force by Defendant CIA overseas, and alleged sources and methods used in making such an alleged determination, without revealing or tending

to reveal classified national security information that is subject to protection from disclosure by law.

61.     The first and second sentences purport to characterize and quote the publicly available version of the "Presidential Policy Guidance," to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the publicly available version of the "Presidential Policy Guidance" for a full and accurate statement of its declassified contents.  The second sentence also purports to quote a statement made by Michael Hayden, former Director of the Central Intelligence Agency, during a debate at Johns Hopkins University in 2014, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced debate for a full and accurate statement of its contents.  Defendants can neither confirm nor deny the allegations in the second and third sentences, which purport to concern the alleged use of lethal force by the United States overseas, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

62.     This paragraph purports to characterize and quote the publicly available version of the 2013 "Presidential Policy Guidance," to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the publicly available version of the 2013 "Presidential Policy Guidance" for a full and accurate statement of its declassified contents.

63.     This paragraph purports to characterize and quote the publicly available version of the 2013 "Presidential Policy Guidance," to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the publicly available

version of the 2013 "Presidential Policy Guidance" for a full and accurate statement of its contents.

64.     Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

65.     Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem and others, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

66.     This paragraph and its subparts consist of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required.  In addition, the claims reflected in subparagraphs 66(a), (d), (e), (g), and (h) have been dismissed by the Court.  Insofar as a response is deemed required with respect to the subparagraphs that concern the remaining claims raised by Plaintiff Kareem, Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

## FIRST CLAIM

67.     No response is required because the Court dismissed this claim.

68.     No response is required because the Court dismissed this claim.

69.     No response is required because the Court dismissed this claim.

70.     No response is required because the Court dismissed this claim.

**SECOND CLAIM**

71.     No response is required because the Court dismissed this claim.

72.     No response is required because the Court dismissed this claim.

73.     No response is required because the Court dismissed this claim.

74.     No response is required because the Court dismissed this claim.

75.     No response is required because the Court dismissed this claim.

76.     No response is required because the Court dismissed this claim.

**THIRD CLAIM**

77.     No response is required because the Court dismissed this claim.

78.     No response is required because the Court dismissed this claim.

79.     No response is required because the Court dismissed this claim.

80.     No response is required because the Court dismissed this claim.

**FOURTH CLAIM**

81.     Defendants repeat and incorporate by reference their responses to paragraphs 1 to 80 of the Complaint.

82.     This paragraph consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

83.     This paragraph consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required.  To the extent a response is deemed required,

Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

## FIFTH CLAIM

84.     Defendants repeat and incorporate by reference their responses to paragraphs 1 to 83 of the Complaint.

85.     This paragraph consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

86.     This paragraph consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

87.     This paragraph consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem,

without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

88.     This paragraph consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

## SIXTH CLAIM

89.     Defendants repeat and incorporate by reference their responses to paragraphs 1 to 88 of the Complaint.

90.     This paragraph consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

91.     This paragraph consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

92.     Admit that Plaintiff Kareem is a United States citizen.

93.     This paragraph consists of Plaintiff Kareem's arguments, statements of law, or legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint contain Plaintiff Kareem's requested relief, to which no response is required.  To the extent a response is deemed necessary, Defendants can neither confirm nor deny the allegations of this paragraph, which purport to concern the alleged use of lethal force by the United States overseas against Plaintiff Kareem, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law, and otherwise aver that Plaintiff Kareem is not entitled to any relief.

## DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the remaining claims of Plaintiff Kareem on the ground that he has not adequately pled or demonstrated that he has Article III standing to bring his lawsuit.

### SECOND DEFENSE

Plaintiff Kareem's remaining claims in this case fail to state a claim upon which relief can be granted.

WHEREFORE, having fully answered the surviving claims in Plaintiff Kareem's

Complaint, Defendants assert that Plaintiff Kareem is not entitled to the relief requested, or to

any relief whatsoever.  Accordingly, Defendants request that the Complaint be dismissed and

that they be given such other relief as the Court deems just and proper.

Dated: July 11, 2018                            Respectfully submitted,

                                                CHAD A. READLER
                                                Acting Assistant Attorney General

                                                ANTHONY J. COPPOLINO
                                                Deputy Director
                                                Federal Programs Branch


                                                */s/ Stephen M. Elliott*
                                                STEPHEN M. ELLIOTT
                                                Trial Attorney
                                                United States Department of Justice
                                                Civil Division, Federal Programs Branch
                                                20 Massachusetts Avenue, N.W., Room 7318
                                                Washington, D.C. 20530
                                                Tel: (202) 305-8177
                                                Email: stephen.elliott@usdoj.gov

                                                *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2018, I electronically transmitted the foregoing to the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7318
Washington, D.C. 20530