# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AHMAD MUAFFAQ ZAIDAN, *et al.,* )
)
Plaintiffs, )
)
v. )    Civil Action No. 1:17-cv-0581 (RMC)
)
DONALD J. TRUMP, )
President of the United States, *et al.*, )
)
Defendants. )

**PUBLIC DECLARATION AND ASSERTION OF MILITARY
AND STATE SECRETS PRIVILEGE BY
PATRICK M. SHANAHAN, ACTING SECRETARY OF DEFENSE**

I, Patrick M. Shanahan, do hereby state and declare as follows:

1. I am the Acting Secretary of Defense and have served in this capacity since January 1,

2019. I have served as the Deputy Secretary of Defense since July 19, 2017, a position I

continue to hold. As Acting Secretary, I exercise the powers and perform the functions and

duties of the Secretary of Defense. *See* 10 U.S.C. § 132(b). This includes acting as the head of

the Department of Defense ("DoD"), serving as the principal assistant to the President in all

matters relating to DoD, and exercising authority, direction, and control over DoD and its

components, activities, and information. *See* 10 U.S.C. § 113(a) and (b).

2. Prior to serving as the Deputy Secretary of Defense, I worked for over three decades with

Boeing, holding a variety of senior management positions, including: senior vice president for

Supply Chain & Operations; senior vice president of Commercial Airplane Programs; vice

president and general manager of Boeing Missile Defense Systems; and vice president and

general manager of Boeing Rotorcraft Systems.  I hold a Bachelor of Science degree in

mechanical engineering from the University of Washington, a Master of Science degree in

mechanical engineering from the Massachusetts Institute of Technology ("MIT"), and a Master

of Business Administration from MIT's Sloan School of Management.  I am a Royal

Aeronautical Society Fellow, a Society of Manufacturing Engineers Fellow, and an American

Institute of Aeronautics and Astronautics Associate Fellow.  I also served as a regent at the

University of Washington for over five years.

3.   The purpose of this declaration is to assert formally in my capacity as Acting Secretary of

Defense the military and state secrets privilege to protect classified national security information

of the Department of Defense that is or may be implicated by the allegations in this case.  I make

the following statements based on my personal knowledge and information made available to me

in my official capacity.

4.   Through the exercise of my official duties, I have been advised of this litigation.

Specifically, I am advised that the plaintiff, Bilal Abdul Kareem ("Kareem" or "plaintiff"),

alleges in his complaint that DoD, in coordination with the other defendant-agencies, authorized

the use of lethal force against him and thereafter conducted strikes targeted at him (Complaint ¶¶

8-9, 16) while he allegedly was working as a journalist in Syria (Complaint ¶ 46).  The complaint

alleges five separate strikes that "narrowly missed" the plaintiff (Complaint ¶ 46).  According to

the plaintiff, these strikes occurred in June and mid-August 2016 in the areas of Idlib City,

Hariyataan, Khantounam, and Aleppo, Syria (Complaint ¶¶ 47-51).  Among other requested

relief, the plaintiff asks the court to enjoin the government from targeting him for lethal force

"unless and until" the defendants provide him with due process, "including notice, access to

evidence against [him], and a right to be heard" (Complaint, Prayer for Relief).

5. As set forth below, DoD cannot confirm, deny, or otherwise fully address these allegations without disclosing properly classified national security information. As summarized in this declaration and described further in my classified declaration submitted for the Court's *in camera*, *ex parte* review, public disclosure of the information covered by my privilege assertion reasonably could be expected to cause serious damage to the national security of the United States.

6. As the Acting Secretary of Defense and pursuant to Executive Order 13526, I hold original classification authority to the TOP SECRET level. This means that I have been authorized by the President to make original classification decisions.

7. The allegations in this case put at issue sensitive intelligence information about al-Qa'ida and the Islamic State of Iraq and Syria ("ISIS"), disclosure of which would cause serious harm to national security. The allegations in this case also put at issue the disclosure of sensitive military information concerning operations of U.S. armed forces in Syria. Without confirming or denying any allegation in this case, information concerning whether or not U.S. armed forces are planning to undertake particular military actions in a foreign country, against particular targets, under what circumstances, for what reasons, and pursuant to what procedures or criteria, constitutes highly sensitive and classified military information that cannot be disclosed without causing serious harm to the national security of the United States.

## DESCRIPTION OF CLASSIFIED INFORMATION SUBJECT TO THE MILITARY AND STATE SECRETS PRIVILEGE

8. After personal consideration of the matter, I am asserting the military and state secrets privilege over classified information implicated by this litigation as described below, which in unclassified terms generally concerns:

A. **Information about Military Operations:** Information concerning the use of lethal force against targets in ongoing and past U.S. military operations in Syria, including whether or not a particular person is or has been targeted by U.S. military forces for the use of lethal force in Syria and the process by which a determination is made to target such person; and

B. **Intelligence Information:** Other classified information in the possession of DoD that may be implicated by the allegations in this case, including intelligence information about any person and information about the sources, methods, and analytic processes from which such information is obtained.

9.   My privilege assertion pertains solely to Kareem's allegations as directed at or pertaining to DoD and U.S. military forces.  I understand that the Director of National Intelligence is asserting the military and state secrets privilege insofar as Kareem's allegations are directed at the U.S. Intelligence Community.

10. **Information about Military Operations.**  The Department of Defense has been conducting a military campaign in Syria against the terrorist groups known as al-Qa'ida and ISIS since 2014.  As part of that ongoing military campaign, U.S. military forces conduct airstrikes and other military operations against terrorist targets.  This category of my privilege assertion encompasses classified details concerning the use of lethal force against terrorist targets in Syria, including the identity of any individuals specifically targeted by U.S. military forces and the process by which a determination is made to target such persons.

11. My privilege assertion also encompasses still classified information that relates to military operations in Syria, including past operations.  The plaintiff alleges that he was targeted by U.S. airstrikes on five occasions in June and mid-August 2016, while working as a journalist

covering anti-Assad rebels in Syria. *See* paragraph 4, *supra*. The Department of Defense has

publicly acknowledged that it is conducting airstrikes in Syria targeting elements of al-Qa'ida

and ISIS, and the multinational coalition led by a component of DoD has published certain

limited information regarding those strikes. During June and August 2016, the U.S.-led

international coalition conducting counter-ISIS operations published daily press releases

indicating the number of strikes taken the prior day by the multinational coalition and providing,

for each strike, the general location and a description of the intended target or effect of the strike.

*See* http://www.inherentresolve.mil/News/Strike-Releases/. Those public records for the general

timeframes alleged by the plaintiff in his complaint (beginning of June through mid-August

2016) do not indicate any strikes on the general locations described in those allegations (near the

cities of Idlib or Aleppo).

12. The public records about past military strikes, however, are derived from more detailed

classified information about those past airstrikes. Examples of classified details include the

number and types of aircraft and munitions used in the strike, the nationality of the forces

conducting the strike, more precise data about the location targeted in the strike, more specific

information about the intended target of the strike, assessments of the risk of civilian casualties

in the strike, the intelligence information that led to the strike, and intelligence information

relevant to the effects created by the strike. Review of the classified records of coalition

airstrikes, like review of the unclassified announcements, does not indicate any record of U.S.

airstrikes in the general locations on the general dates of the five strikes alleged in the complaint.

Such classified information could not be disclosed to the extent it were necessary for DoD to

document whether or not it was engaged in any particular strike.

13. **Intelligence Information.** My privilege assertion also encompasses classified intelligence information in the possession of DoD about any person and about the sources, methods, and analytic processes from which information about a person is obtained.

14. This category includes intelligence about any specific person that is in the possession of DoD. The Department of Defense possesses intelligence information that it collects by human, imagery, and signals intelligence sources and methods or receives from other U.S. Government agencies or foreign governments. This intelligence information includes information about individuals who are known or suspected to be associated with foreign terrorist groups or otherwise present a terrorist threat to the United States or U.S. interests. Information that would confirm or deny the existence of an intelligence assessment of a specific individual, and the intelligence information on which assessments of terrorist affiliation or terrorist threat are based, are classified, and as explained below, public disclosure of such classified information reasonably can be expected to cause serious damage to national security.

## HARM OF DISCLOSURE OF THE PRIVILEGED INFORMATION

15. **Information about Military Operations:** Disclosure of information about the targets of ongoing or past U.S. military operations in Syria, including whether or not a particular person is or was targeted by U.S. military forces for the use of lethal force in Syria, reasonably could be expected to cause serious damage to national security. In general, unclassified terms, identifying that particular persons are being targeted for lethal force would provide knowledge or confirmation of potential military actions. Such confirmation would not only allow the specific targets of lethal force to alter their behavior to evade military action, but also would reveal information concerning operational capabilities that could be used by other adversaries to evade or counter any future strikes. In addition, the disclosure of criteria or procedures that may be

6

utilized by DoD in planning or undertaking lethal force operations overseas would plainly compromise the United States' capability to take such action in both a particular case and in future cases by providing terrorist adversaries with insights into military planning.

16. Even identifying whether particular persons are *not* being targeted for lethal force would provide knowledge or confirmation about the intended scope of military operations. If a person does intend to take hostile action against U.S. forces or interests, confirmation that he is not being targeted could enable him to operate more freely. Confirmation that a person is not being targeted by U.S. military forces would also provide insight to foreign adversaries more broadly as to U.S. military targeting priorities and decision-making that would assist others in evading military operations and in planning countermeasures. In addition, DoD's response to whether or not a person is being targeted for lethal force in military operations must be consistent. Identifying persons who are not being targeted, including those of no interest to U.S. military forces, could not be sustained because others who may be targeted may seek to ascertain their status and, in the latter circumstance, DoD could not provide a similar denial.

17. **Intelligence Information:** The disclosure of other classified information that may be implicated by the allegations in this case, including intelligence information in the possession of DoD about any person and about the sources, methods, and analytic processes from which information about a person is obtained, reasonably could be expected to cause serious damage to national security. Disclosure of whether or not DoD possesses information about a particular person would alert or confirm to such person whether or not DoD may have an interest in his activities. Armed with that information, such person may seek to evade the collection of further information, or if DoD does not possess any information about the person, would gain some measure of security that DoD is not interested in, or is unaware of, his activities. Such

disclosures would also reveal to any associates of a person whether or not DoD maintains an interest in the individual's activities. Disclosure of the content of any information about a person in DoD's possession would not only reveal what DoD knows – or may not know – about a person's activities, but would also risk revealing the sources and methods by which information about a person was collected or whether the United States may not have collected certain information about a person. In any event, revealing the extent of DoD's possession of information about a person risks serious damage to national security by exposing information that would undermine or negate the national security interests of the United States.

18. The disclosure of whether or not DoD maintains information about a person would also risk disclosure of intelligence sources and methods. If DoD has no such information, a person and his associates would gain an understanding of the scope of the government's intelligence collection activities. If DoD reveals any information it does possess about a person, the content of such information would tend to reveal how it may have been collected and therefore compromise sources and methods pertinent not only to one person but potentially others. Such disclosures could allow terrorist elements and other targets of intelligence collection to adjust their communications and operational security practices, thereby preventing or impairing future U.S. intelligence collection and analysis. Such disclosure therefore would cause grave disruptions in the collection of information concerning terrorist and other threats to U.S. national security and would harm U.S. national security by depriving the U.S. Government of the intelligence necessary to prevent terrorist attacks.

19. For these reasons, public disclosure of the classified information described above could be expected to cause serious damage to the national security of the United States.

## CONCLUSION

20.  In sum, as Acting Secretary of Defense, I formally assert the military and state secrets

privilege with respect to the classified information summarized above, and request that it be

excluded from further proceedings in this case, in order to protect the national security of the

United States from damage, up to and including serious damage.  In connection with this

assertion of the military and state secrets privilege, I have considered the extent to which the

bases for my assertion could be filed on the public record.  I have determined that no further

information concerning these matters beyond what is in this unclassified declaration can be

disclosed on the public record without revealing the very classified information I seek to protect.

My separate classified declaration provides a more detailed explanation of the information and

harms to national security.

21. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true

and correct.

Executed this 25th day of January, 2019.

Patrick M. Shanahan
Acting Secretary of Defense