# EXHIBIT 2

UNCLASSIFIED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMAD MUAFFAQ ZAIDAN, *et al.*, ) | |
| ) | |
| Plaintiffs ) | Case No. 1:17-cv-00581-RMC |
| ) | |
| v. ) | |
| ) | **PRIVILEGE ASSERTION** |
| DONALD J. TRUMP, ) | |
| President of the United States, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DECLARATION OF DANIEL R. COATS, DIRECTOR OF NATIONAL INTELLIGENCE

I, DANIEL R. COATS, do hereby state and declare as follows:

### INTRODUCTION

1. I am the Director of National Intelligence (DNI), and have held this position since March 16, 2017. I was appointed to this position by the President with the advice and consent of the United States Senate. As the DNI, I am the head of the United States Intelligence Community (IC) and serve as the principal intelligence advisor to the President. Prior to commencing my role as the DNI, I held various positions within the United States Congress. Specifically, from 1981 to 1999, I served in the U.S. House of Representatives and then in the U.S. Senate. During this tenure, I served on the Senate Armed Services Committee and the Senate Select Committee on

1

UNCLASSIFIED

Intelligence. Following my time in Congress, I was named U.S. Ambassador to the Federal Republic of Germany, where I served as the Ambassador from 2001 to 2005. After my tenure as U.S. Ambassador to the Federal Republic of Germany, I returned to the U.S. Senate in 2011 and again served on the Senate Select Committee on Intelligence, where I was charged with overseeing intelligence activities and programs of the United States Government.

2. Through the exercise of my official duties, I have been advised of this civil case and become familiar with the allegations made by the remaining plaintiff, Bilal Abdul Kareem. I understand that Mr. Kareem is an American citizen who alleges that the United States Government has designated him for the use of lethal force. I am also aware that, in support of his allegation that he has been designated for the use of lethal force, Mr. Kareem alleges that he was nearly killed in several airstrikes while working as a journalist in Syria in June and August 2016. I understand that, among other things, Mr. Kareem seeks notice, access to information possessed by the U.S. Government, and an opportunity to be heard regarding his alleged designation for the use of lethal force.

3. The purpose of this declaration is to formally assert the state secrets privilege, on behalf of the Intelligence Community defendants named in this case, and the DNI's statutory privilege under the National Security Act of 1947, 50 U.S.C. § 3024(i)(1), to protect intelligence activities, sources, and methods that are implicated by Mr. Kareem's allegations in this case. I make these claims of privilege in my capacity as the DNI and after personal consideration of the

2

matter. I make the following statements based upon my personal knowledge and on information made available to me in my official capacity.

## BACKGROUND ON THE DIRECTOR OF NATIONAL INTELLIGENCE

4.   The position of the DNI was created by Congress in the Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. 108-458, §§ 1011(a) and 1097, 118 Stat. 3638, 3643-63, 3698-99 (2004) (amending sections 102 through 104 of Title I of the National Security Act of 1947). Subject to the authority, direction, and control of the President, the DNI serves as the head of the U. S. Intelligence Community and as the principal adviser to the President and the National Security Council for intelligence matters related to national security. *See* 50 U.S.C. § 3023(b) (1)-(2).

5.   The IC includes the Office of the Director of National Intelligence; the Central Intelligence Agency; the National Security Agency; the Defense Intelligence Agency; the National Geospatial-Intelligence Agency; the National Reconnaissance Office; other offices within the Department of Defense for the collection of specialized national intelligence through reconnaissance programs; the intelligence elements of the Army, the Navy, the Air Force, the Marine Corps, and the Coast Guard; the Federal Bureau of Investigation; the Drug Enforcement Administration; the Department of Energy; the Bureau of Intelligence and Research of the Department of State; the Office of Intelligence and Analysis of the Department of the Treasury; the Office of Intelligence and Analysis of the Department of Homeland Security; and such other

3

elements of any other department or agency as may be designated by the President, or jointly designated by the DNI and head of the department or agency concerned, as an element of the Intelligence Community. *See* 50 U.S.C. § 3003(4); *see also,* Executive Order 12333 § 3.5.

6. The National Security Act of 1947, as amended, provides that "[t]he Director of National Intelligence shall protect intelligence sources and methods from unauthorized disclosure." 50 U.S.C. § 3024(i)(1). By this language, Congress expressed its determination that the unauthorized disclosure of intelligence sources and methods is potentially harmful and directed the DNI to protect against such disclosure.

7. By virtue of my position as the DNI, and unless otherwise directed by the President, I have access to all intelligence related to the national security that is collected by any department, agency, or other entity of the United States. 50 U.S.C. § 3024(b).

8. As the DNI and pursuant to Executive Order 13526, as amended, I hold original classification authority up to the TOP SECRET level. This means that I have been authorized by the President to make original classification decisions.

## ASSERTION OF THE STATE SECRETS PRIVILEGE

9. Mr. Kareem's allegations in this case implicate the disclosure of classified national security information and state secrets. The disclosure of such information could reasonably be expected to result in exceptionally grave damage to U.S. national security. Accordingly, as the head of the Intelligence Community and after careful and personal consideration of this matter, I

4

formally assert the state secrets privilege over three separate but related categories of information that are directly implicated by this case: (1) information regarding whether or not the United States Intelligence Community targets individuals for the use of lethal force outside the United States; (2) information regarding whether or not the United States Intelligence Community has designated plaintiff for the use of lethal force, and (3) whether or not the United States Intelligence Community maintains any information concerning plaintiff, including any information related to his allegations.

## ASSERTION OF DNI STATUTORY PRIVILEGES

10.     As the Director of National Intelligence, I also assert the statutory privilege against the unauthorized disclosure of intelligence sources and methods contained in the National Security Act of 1947, as amended, 50 U.S.C. § 3024(i)(1), over the three categories of information described above.

## DESCRIPTION OF PRIVILEGED INFORMATION AND HARM OF DISCLOSURE

11.     Mr. Kareem's allegations in this litigation directly implicate at least three categories of information, as identified above, that are both highly classified and state secrets. In the following paragraphs, I have described in as much detail as can be provided on the public record these three categories and the harm to the national security of the United States that could reasonably be expected to occur if information in these categories is publicly disclosed. I have

provided a more detailed explanation of the privileged information and harms to national security in a classified declaration that has been submitted to the Court *ex parte* and *in camera*.

**Category 1:** **Information regarding whether or not the United States Intelligence Community targets individuals for the use of lethal force outside the United States.**

12.     Whether or not the U.S. Intelligence Community targets individuals for the use of lethal force outside of the United States (and by implication *uses* such lethal force) is both a classified fact and a state secret. The disclosure of this fact could reasonably be expected to cause harm to national security by alerting terrorists and terrorist organizations to specific means that the U.S. Government is using, or has chosen not to use, to combat terrorism.

**Category 2:** **Information regarding whether or not Mr. Kareem has been designated for the use of lethal force.**

13.     Additionally, the privileged information directly implicated by this litigation includes whether Mr. Kareem has been designated for the use of lethal force by the U.S. Government. Confirmation or denial of such information reasonably could be expected to cause exceptionally grave harm to national security. If an individual knows that he has been designated for the use of lethal force, he could alter his behavior in a manner that would be harmful to national security, for example by evading capture or further detection by the United States. In addition, disclosing that an individual has been designated by the U.S. Government would identify to the target and those affiliated with the target that the U.S. Intelligence Community is actively

6

attempting to collect intelligence on the target. This would with near certainty cause the target and his affiliates to have a heightened security awareness which would in turn cause additional risk to the intelligence sources and methods being directed at the target.

14. Even confirming that an individual has *not* been designated for the use of lethal force by the U.S. Government would cause harm to national security. For example, if the Government were to confirm that specific individuals have not been designated for the use of lethal force, but later refuse to comment in a case involving an actual designee, a person could easily deduce by comparing the Government's responses that the person in the latter case is a designee. Also, for a person who may intend to commit terrorist acts, confirmation that he is not being targeted could facilitate any plans they may have to undertake terrorist actions. Accordingly, the U.S. Government can neither confirm nor deny allegations that an individual has been designated by the Government for the use of lethal force.

**Category 3**: **Whether or not the United States Intelligence Community maintains any information concerning Mr. Kareem, including information related to his allegations.**

15. Finally, litigating this case implicates the disclosure of whether or not the U.S. Intelligence Community has intelligence concerning Mr. Kareem, including any sensitive information related to his allegations. Disclosure of whether or not such sensitive intelligence exists would reveal whether the United States has an intelligence interest in Mr. Kareem and likely the extent of that interest. The disclosure of whether or not the U.S. Intelligence Community has

7

intelligence information related to a specific person would enable that person to confirm whether the Intelligence Community has an interest in his activities. Armed with the knowledge that he is of interest to the Intelligence Community, a person may take steps to evade further detection of his activities or collection of information about his activities. And if made aware that the Intelligence Community does *not* maintain any information on a person, that individual may proceed to act without fear of detection and could be emboldened to take steps to harm the United States or its allies. Disclosure of whether or not a person is of interest to the Intelligence Community could also reveal to associates of that person information about the scope of the intelligence possessed by the Intelligence Community about their activities.

16. Disclosure of the content of any intelligence information the Intelligence Community may possess about a person, if any, would obviously reveal classified information about what the Intelligence Community knows or may not know about a person's activities – providing valuable insights into what activities may or may not have been detected. Disclosure of the Intelligence Community's knowledge about a person, if any, would also tend to reveal the sources and methods by which such information was obtained, compromising the safety and effectiveness of those sources and methods.

## CONCLUSION

17. In summary, I am asserting the state secrets privilege and the DNI's statutory privilege to protect the classified national security information described in this declaration and

8

more fully set forth in the classified declaration. I respectfully request that the Court take all steps necessary to protect the classified national security information and the intelligence sources and methods that are or may be implicated by this litigation in order to prevent grave damage to the national security of the United States.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 21 day of December, 2018.

*[signature]*

Daniel R. Coats
Director of National Intelligence

9